# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA
### PITTSBURGH DIVISION

| | |
|---|---|
| JUSTIN CUMMINGS, Individually and For Others Similarly Situated,<br>　　　　　Plaintiff,<br><br>v.<br><br>MASER CONSULTING, P.A.,<br>　　　　　Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)<br><br>CLASS ACTION/FED. R. CIV. P. 23 |

## ORIGINAL COMPLAINT

### SUMMARY

1. Plaintiff Justin Cummings ("Cummings") brings this lawsuit to recover unpaid overtime wages and other damages from Maser Consulting, P.A. ("Maser") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Ohio Minimum Fair Wage Standards Act, O.R.C. §§4111.01, 4111.03 and 4111.10., ("the Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA") Rev. Code §4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"), and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.104.

2. Cummings worked for Maser as a Land Representative.

3. Cummings and the Day Rate Workers (as defined below) regularly worked for Maser in excess of forty (40) hours each week.

4. But Maser did not pay them overtime.

5. Instead of paying overtime as required by the FLSA, PMWA, and the Ohio Acts, Maser improperly paid Cummings and the Day Rate Workers a daily rate with no overtime compensation.

6. This class and collective action seeks to recover the unpaid overtime wages and other

damages owed to these workers.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8. The Court also has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law class pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a significant portion of the facts giving rise to this lawsuit occurred in this District. Cummings's work for Maser was based out of Pittsburgh, Pennsylvania.

## THE PARTIES

10. Cummings worked for Maser from June 2018 until October 2018 as a Land Representative.

11. Throughout his employment, Maser paid Cummings a flat daily rate for each day worked regardless of the total hours worked in a workweek ("day rate pay plan").

12. Cummings's consent to be a party plaintiff is attached as Exhibit A.

13. Cummings brings this action on behalf of himself and all other similarly situated workers who were paid by Maser's day-rate system. Maser paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in violation of the FLSA.

14. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All Land Representatives[1] who worked for, or on behalf of, Maser**

---

[1] Land Representatives are otherwise known as Right of Way Agents, Landmen, or Customer Service Representatives.

>**Consulting, P.A. who were paid a day rate with no overtime in the past three (3) years.** ("FLSA Class Members").

15. Cummings also seeks class certification of a class under FED. R. CIV. P. 23 under the Ohio Wage Acts, defined as follows:

>**All Land Representatives who worked for, or on behalf of, Maser Consulting, P.A. in Ohio who were paid a day rate with no overtime in the past three (3) years.** ("Ohio Class Members").

16. Cummings also seeks class certification of a class under FED. R. CIV. P. 23 under the PMWA, defined as follows:

>**All Land Representatives who worked for, or on behalf of, Maser Consulting, P.A. in Pennsylvania who were paid a day rate with no overtime in the past three (3) years.** ("Pennsylvania Class Members").

17. The members of the FLSA Class, Ohio Class, and Pennsylvania Class can be readily ascertained from Maser's records.

18. Collectively, the FLSA Class Members, Ohio Class Members, and Pennsylvania Class are referred to as the Day Rate Workers.

19. Maser Consulting, P.A. is a New Jersey corporation and may be served with process by serving its registered agent: **CT Corporation, 600 North Second St., Suite 401, Harrisburg, PA 17101.**

## COVERAGE UNDER THE FLSA

20. At all times hereinafter mentioned, Maser was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all times hereinafter mentioned, Maser was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22. At all relevant times, Maser has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

23. At all relevant times, Maser has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, flashlights, smart phones/devices, computers, etc.) that have been moved in or produced for commerce.

24. In each of the past 3 years, Maser's annual gross volume of sales has well exceeded $1,000,000 for at least the past 3 years.

25. At all relevant times, Cummings and the Day Rate Workers were engaged in commerce or in the production of goods for commerce.

26. Maser uniformly applied its policy of paying its Day Rate Workers, including Cummings, a day rate with no overtime compensation.

27. Maser applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

28. By paying its Day Rate Workers a day rate with no overtime compensation, Maser violated (and continues to violate) the FLSA's requirement that it pay employees at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

29. As a result of this policy, Maser and the Day Rate Workers do not receive overtime as required by the FLSA.

30. Maser's uniform compensation scheme of paying its Day Rate Workers a day rate with no overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

**THE FACTS**

31. Maser is an engineering consulting company offering construction administration, geotechnical engineering, stormwater management, landscape architecture, and environmental services throughout the United States.

32. To achieve its business objectives, it hires personnel (like Cummings) to perform land acquisition work.

33. Many of these individuals worked for Maser on a day rate basis (without overtime pay).

34. These workers make up the proposed collective of Day Rate Workers.

35. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

36. Throughout his employment with Maser, Maser paid him on a day rate basis.

37. Cummings and the Day Rate Workers work for Maser under its day rate pay scheme.

38. Cummings and the Day Rate Workers do not receive a salary.

39. If Cummings and the Day Rate Workers did not work, they did not get paid.

40. Cummings and the Day Rate Workers receive a day rate.

41. Cummings and the Day Rate Workers do not receive overtime pay.

42. This is despite the fact Cummings and the Day Rate Workers often worker 10 or more hours a day, for 7 days a week, for weeks at a time.

43. For example, Cummings received a day rate for each day he worked for Maser.

44. Although he typically worked 7 days a week, for 10 or more hours a day, he did not receive any overtime pay.

45. Cummings and the Day Rate Workers received the day rate regardless of the number of hours they worked in a week, even when they worked more than 40 hours.

46. Cummings and the Day Rate Workers are not employed on a salary basis.

47. Cummings and the Day Rate Workers do not, and never have, received guaranteed weekly compensation from Maser irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

48. Cummings and the Day Rate Workers work in accordance with the schedule set by Maser and/or its clients.

49. Cummings's work schedule is typical of the Day Rate Workers.

50. Maser controls Cummings and the Day Rate Workers' pay.

51. Likewise, Maser and/or its clients control Cummings and the Day Rate Workers' work.

52. Maser requires Cummings and the Day Rate Workers to follow Maser and/or its clients' policies and procedures.

53. Cummings and the Day Rate Workers' work must adhere to the quality standards put in place by Maser and/or its clients.

54. Cummings and the Day Rate Workers are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

55. As a Land Representative, Cummings was responsible for reviewing public records to determine property ownership, adhering to safety standards and procedures, documenting communication with landowners, and reviewing easements.

56. All Maser's Day Rate Workers perform similar duties, reviewing easement agreements and proof of title, ensuring work is done according to established safety guidelines, specifications, and restrictions.

57. Cummings and the Day Rate Workers provide documents related to land acquisition and easement agreements to Maser (and/or its clients') personnel.

58. At all relevant times, Maser and/or its clients maintained control over Cummings and the Day Rate Workers via hiring, firing, discipline, timekeeping, payroll, and other employment practices.

59. Cummings and the Day Rate Workers do not have the power to hire or fire any employees.

60. Cummings's working relationship with Maser is similar Maser's relationship with its other Day Rate Workers.

61. Maser knew Cummings and the Day Rate Workers worked more than 40 hours in a week.

62. Maser knew, or showed reckless disregard for, whether the Day Rate Workers were entitled to overtime under the FLSA, PMWA, and Ohio Acts.

63. Nonetheless, Maser failed to pay Cummings and the Day Rate Workers overtime.

64. Maser willfully violated the FLSA, PMWA, and Ohio Acts.

## CAUSES OF ACTION
## FLSA VIOLATIONS

65. By failing to pay Cummings and those similarly situated to him overtime at one-and-one-half times their regular rates, Maser violated the FLSA's overtime provisions.

66. Maser owes Cummings and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

67. Because Maser knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Maser owes these wages for at least the past three years.

68. Maser is liable to Cummings and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

69. Cummings and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**OHIO WAGE ACT VIOLATIONS**

70. Cummings brings this claim under the Ohio Wage Act as a Rule 23 class action.

71. The conduct alleged violates the Ohio Wage Act (O.R.C. §§4111.01. 4111.03 and 4111.10).

72. At all relevant times, Maser was subjected to the requirements of the Ohio Wage Act.

73. At all relevant times, Maser employed Cummings and each Ohio Class Member with Ohio state law claims as an "employee" within the meaning of the Ohio Wage Act.

74. The Ohio Wage Act requires employers like Maser to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Cummings and each member of the Ohio Class are entitled to overtime pay under the Ohio Wage Acts.

75. Maser had a policy and practice of failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

76. Cummings and each member of the Ohio Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

77. Cummings and each member of the Ohio Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Maser, as provided by the Ohio Wage Act.

**PMWA VIOLATIONS**

78. Cummings brings this claim under the PMWA as a Rule 23 class action.

79. The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104).

80. At all relevant times, Maser was subjected to the requirements of the PMWA.

81. At all relevant times, Maser employed Cummings and each Pennsylvania Class Member with Pennsylvania state law claims as an "employee" within the meaning of the PMWA.

82. The PMWA requires employers like Maser to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Cummings and each member of the Pennsylvania Class are entitled to overtime pay under the PMWA.

83. Maser had a policy and practice of failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

84. Cummings and each member of the Pennsylvania Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

85. Cummings and each member of the Pennsylvania Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Maser, as provided by the PMWA.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

86. Cummings incorporates all previous paragraphs and alleges that the illegal pay practices Maser imposed on Cummings were likewise imposed on the Putative Class Members.

87. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA, PMWA, and Ohio Acts.

88. Numerous other individuals who worked with Cummings indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

89. Based on his experiences and tenure with Maser, Cummings is aware that Maser's illegal practices were imposed on the Day Rate Workers.

90. The Day Rate Workers were all not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

91. Maser's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Day Rate Workers.

92. Cummings's experiences are therefore typical of the experiences of the Day Rate Workers.

93. The specific job titles or precise job locations of the Day Rate Workers do not prevent class or collective treatment.

94. Cummings has no interests contrary to, or in conflict with, the Day Rate Workers. Like each Day Rate Worker, Cummings has an interest in obtaining the unpaid overtime wages owed to him under state and/or federal law.

95. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

96. Absent this action, many Day Rate Workers likely will not obtain redress of their injuries and Maser will reap the unjust benefits of violating the FLSA and applicable state labor laws.

97. Furthermore, even if some of the Day Rate Workers could afford individual litigation against Maser, it would be unduly burdensome to the judicial system.

98. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

99. The questions of law and fact common to the Day Rate Workers predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a.    Whether the Day Rate Workers' rights were violated as a result of Maser's day rate pay plan;

    b.    Whether Maser's day rate pay plan was made in good faith;

    c.    Whether Maser's decision to not pay time and a half for overtime to the Day Rate Workers was made in good faith;

    d.    Whether Maser's violation of the FLSA, PMWA, and Ohio Wage Acts was willful; and

    e.    Whether Maser's illegal pay practices were applied uniformly across the nation to all Day Rate Workers.

100. Cummings's claims are typical of the claims of the Day Rate Workers. Cummings and the Day Rate Workers sustained damages arising out of Maser's illegal and uniform employment policy.

101. Cummings knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

102. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## JURY DEMAND

103. Cummings demands a trial by jury

## PRAYER

104. WHEREFORE, Cummings prays for judgment against Maser as follows:

    a.    An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated

        individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order pursuant to Section 16(b) of the FLSA finding Maser liable for unpaid back wages due to Cummings and the FLSA Class Members for liquidated damages equal in amount to their unpaid compensation;

c. An Order certifying a Rule 23 class action on behalf of Day Rate Workers working for or on behalf of Maser in Pennsylvania at any time during the last 3 years;

d. Judgment awarding Cummings and the PMWA Class all unpaid overtime and other damages available under the PMWA;

e. For an Order awarding Cummings and the PMWA Class their costs of this action;

f. An Order certifying a Rule 23 class action on behalf of Day Rate Workers working for or on behalf of Maser in Ohio at any time during the last 3 years;

g. Judgment awarding Cummings and the Ohio Class all unpaid overtime and other damages available under the Ohio Acts;

h. For an Order awarding Cummings and the Ohio Class their costs of this action;

i. For an Order awarding Cummings and the Day Rate Workers their reasonable attorneys' fees and expenses as provided by the FLSA, PMWA, and the Ohio Acts;

j. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

k. For an Order granting such other and further relief as may be necessary and appropriate.

>Respectfully submitted,
>
>By: /s/ *Andrew W. Dunlap*
>**Michael A. Josephson**
>PA Bar 308410
>**Andrew W. Dunlap**
>PA Bar 241078444
>**Carl A. Fitz**
>Texas Bar No. 24105863
>**JOSEPHSON DUNLAP LLP**
>11 Greenway Plaza, Suite 3050
>Houston, Texas 77046
>713-352-1100 – Telephone
>713-352-3300 – Facsimile
>mjosephson@mybackwages.com
>adunlap@mybackwages.com
>cfitz@mybackwages.com
>
>**AND**
>
>**Richard J. (Rex) Burch**
>Texas Bar No. 24001807
>**BRUCKNER BURCH PLLC**
>8 Greenway Plaza, Suite 1500
>Houston, Texas 77046
>713-877-8788 – Telephone
>713-877-8065 – Facsimile
>rburch@brucknerburch.com
>
>**AND**
>
>**Joshua P. Geist**
>PA ID No. 85745
>**GOODRICH & GEIST PC**
>3634 California Ave.
>Pittsburgh, Pennsylvania 15212
>412-766-1455 – Telephone
>412-766-0300 – Facsimile
>josh@goodrichandgeist.com
>
>**ATTORNEYS IN CHARGE FOR PLAINTIFF**