**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | |
|---|---|
| **JUSTIN CUMMINGS, Individually and for Others Similarly Situated,** | **Case No. 2:20-cv-00188-MPK** |
| **Plaintiffs,** | **COLLECTIVE ACTION** |
| **v.** | **PURSUANT TO 29 U.S.C. § 216(b)** |
| **MASER CONSULTING, P.A.,** | |
| **Defendant.** | **CLASS ACTION** |
| | **PURSUANT TO FED. R. CIV. P. 23** |

## ORDER IMPLEMENTING FEDERAL RULE OF EVIDENCE 502(d)

1.      **No Waiver by Disclosure.** This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a party (the "Producing Party") discloses information in connection with the pending litigation, that the Producing Party thereafter claims to be protected by the attorney-client privilege and/or trial preparation material protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture in this or any other federal, state, arbitration, or any other proceeding of any claim of privilege or protection as trial preparation material that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

2.      **Notification Requirements; Best Efforts of Receiving Party.** A Producing Party must promptly notify the party receiving the Protected Information (the "Receiving Party"), in writing that it has disclosed the Protected Information without intending a waiver by the disclosure. The notification by the Producing Party shall include as specific an explanation as possible why the Protected Information is covered by the attorney-client privilege and/or constitutes trial preparation material. Upon such notification, the Receiving Party must, unless it contests the claim of attorney-client privilege or protection as trial preparation material in accordance with paragraph (3), promptly (a) notify the Producing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and (b) provide a certification that it will cease further review, dissemination and use of the Protected Information. For purposes of this Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored Protected Information.

3.      **Contesting Claims of Privilege or Protection as Trial Preparation Material.** If the Receiving Party contests the claim of attorney-client privilege or protection as trial preparation material, the Receiving Party must, within fourteen (14) days of receipt of the notification referenced in Paragraph (2), provide written notice of the reciving party's

disagreement. The Parties shall thereafter meet and confer in an attempt to resolve the dispute. The Parties shall treat the information as privileged or protected unless and until the Parties agree otherwise or the Court determines the information is not privileged or protected. Should the Parties be unable to resolve the dispute, the receiving party shall have twenty-one (21) days from the final meet and confer effort to file a motion for *in camera* review of the disputed document(s) and to seek a ruling on the privilege status of such document(s).

4.      **Stipulated Time Periods.** The parties may stipulate to extend the time periods set forth in subparagraphs (2) and (3).

5.      **Burden of Proving Privilege or Protection as Trial Preparation Material.** The Disclosing Party retains the burden, upon challenge pursuant to Paragraph (3), of establishing the privileged or protected nature of the Protected Information.

6.      ***In Camera* Review.** Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Protected Information.

7.      **Voluntary and Subject Matter Waiver.** This Order does not preclude a party from voluntarily waiving the attorney-client privilege or trial preparation material protection. The provisions of Federal Rule of Evidence 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

8.      **Rule 502(b)(2).** The failure to take reasonable steps to prevent the disclosure shall not give rise to a waiver of the privilege.

9.      **Other Clawback and Confidentiality Obligations.** This Order does not affect or rescind any Clawback Agreement or Order governing protection of confidential information to which the parties have otherwise agreed.

10.     **Severability.** The invalidity or unenforceability of any provisions of this Order shall not affect the validity or enforceability of any other provision of this Order, which shall remain in full force and effect.

BY ORDER OF COURT:

cc:      All counsel of record

2